UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FANNIE MAE | ) | Case No.: 1:11-cv-00757 OWW JLT |
| | ) | |
| Plaintiff, | ) | ORDER DENYING MOTION TO PROCEED |
| v. | ) | IN FORMA PAUPERIS AND DIRECTING |
| | ) | DEFENDANT LEONOR LOPEZ TO PAY |
| LEONOR LOPEZ, | ) | THE FILING FEE |
| | ) | |
| Defendant. | ) | (Doc. 2) |
| _____ | ) | |

Before the Court is the application to proceed in forma pauperis filed by Defendant Leonor Lopez. (Doc. 2). As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 USC § 1914(a). However, the Court may authorize the commencement of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 USC § 1915(a)(1). Therefore, an action may proceed despite a failure to prepay the filing fee only if leave to proceed in forma pauperis ("IFP") is granted by the Court. See Rodriguez v. Cook, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984), citing Weller v. Dickson, 314 F.2d 598, 600 (9th Cir. 1963). In addition, the Court has broad discretion to grant

or deny a motion to proceed IFP. <u>O'Loughlin v. Doe</u>, 920 F.2d 614, 616 (9th Cir. 1990); <u>Weller</u>, 314 F.2d at 600-01. In making a determination, the court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." <u>Temple v. Ellerthorpe</u>, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, Lopez' application does not demonstrate that she is unable to pay the court costs due to poverty. The affidavit indicates she is currently employed and her take home pay, presumably per month[1], is $4,400. (Doc. 2 at 1). In addition, she has a vehicle valued at $7,000 and a house valued at $92,000. <u>Id</u>. at 2. Therefore, based upon her income and assets, Ms. Lopez has failed to make an adequate showing of indigence and has not demonstrated that she has insufficient funds to pay the Court's filing fee.

Accordingly, **IT IS HEREBY ORDERED**:

1. The motion to proceed in forma pauperis is **DENIED**; and

2. Leonor Lopez **IS DIRECTED** to pay the filing fee within 30 days of service of this order. IT IS SO ORDERED.

**Dated:   May 19, 2011**                             /s/ Oliver W. Wanger
                                                                  UNITED STATES DISTRICT JUDGE

---

[1] Defendant failed to state how often she is paid. (Doc. 2 at 1) However, assuming most favorably to Lopez, that she is paid one time per month, the Court finds that her salary is sufficient to allow her to pay the filing fee.