IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FANNIE MAE, also known as FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>            Plaintiff,<br>    v.<br>LEONOR LOPEZ,<br><br>            Defendant. | Case No.: 1:11-cv-00757 LJO JLT<br><br>FINDINGS AND RECOMMENDATION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER |

Leonor Lopez ("Defendant") seeks removal of an action from the Kern County Superior Court. (Doc. 1). Currently before the Court is a motion to remand the action filed by plaintiff Fannie Mae, also known as Federal National Mortgage Association ("Plaintiff"). (Doc. 8). Defendant removed this matter to the United States District Court and Defendant filed an opposition (Doc. 10), though she did not appear at the hearing. For the following reasons, the Court recommends Plaintiff's motion to remand be **GRANTED**.

**I.   Factual and Procedural History**

Plaintiff commenced this action by filing a "complaint for unlawful detainer and money damages" in Kern County Superior Court against Defendant on October 14, 2010, in case number S-1500-CL-253622. (Doc. 1, Exh. 1). Plaintiff alleges in the underlying complaint that it is entitled to possession of, and is the owner of record of the real property located at 9212 Haupt Avenue,

Bakersfield, CA 93306.  (Doc. 1 at 14).  Plaintiff seeks restitution and possession of the property and rental value of the property, which Plaintiff asserts is less than $10,000 in damages.  *Id.* at 16.

On May 10, 2011, Defendant filed a notice of removal from Kern County Superior Court (Doc. 1).  On July 18, 2011, Plaintiff filed an ex parte application for an order shortening time for hearing on the motion to remand (Doc. 4), which was denied on July 19, 2011 (Doc. 6).  Plaintiff filed the motion to remand now pending before the Court on August 22, 2011 (Doc. 8) and Defendant filed her opposition to the motion on September 13, 2011.  (Doc. 10)

## II.   Removal Jurisdiction

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987).  Specifically,

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.* at § 1331.

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading.  *Id.* at § 1446(b).  Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand.  *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of proving its propriety.  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

The Court may remand an action to state court for lack of subject matter jurisdiction or for defect in the removal procedure.  28 U.S.C. § 1447(c).  A party opposing removal on the basis of a procedural defect must make a motion to remand within thirty days of the filing of the notice of removal.  *Id.*

///

### III.  Discussion and Analysis

As the party seeking removal, Defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67.  Defendant argues that the Court has jurisdiction over this matter because Fannie Mae is a federal corporation and the United States has an interest in the property. (Doc. 1 at 3-4).  In addition, Defendant asserts that this is a quiet title action, which falls under the jurisdiction of the federal court. (Doc. 10 at 7).

The determination of subject matter jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392).  Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008), quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff's complaint filed in the state court was for unlawful detainer action.  Importantly, an unlawful detainer action does not arise under federal law, but arises instead under state law.  *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").  Moreover, issues of title "may not transmute an unlawful detainer action into a quiet title action." *Fannie May v. Lemon*, 2011 U.S. Dist. LEXIS 82052, at *17 (C.D. Cal. July 26, 2011), citing *Evans v. Superior Court*, 67 Cal.App.3d 162, 170-71 (1977).

To have diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).  Defendant asserts the amount in controversy exceeds $75,000, as stated in the notice of removal. (Doc. 10 at 4).  However, as noted, the amount in controversy is determined by the Complaint filed by Plaintiff, and review of the state court complaint indicates the

amount sought by Plaintiff in the action was less than $10,000. (Doc. 1, Ex. 1). In an unlawful detainer action, "the right to possession alone [is] involved– not title to the property." *Litton Loan Servicing, L.P. v. Villegas*, 2011 U.S. Dist. LEXIS 8018 at *6-7 (N.D. Cal. Jan. 21, 2011). Therefore, the Court lacks diversity jurisdiction.

Defendant asserts the Court has jurisdiction because Fannie Mae is a federal agency and that the United States is a real party in interest. (Doc. 10 at 3). However, this Court explained previously:

> While courts are split over whether Fannie Mae's charter confers federal jurisdiction, courts in the Eastern District have concluded that there must be an independent basis of jurisdiction because the language in the charter includes the phrase "any court of competent jurisdiction" and courts have declined to construe that language as creating a grant of jurisdiction.

*Fannie Mae v. Ortega*, 2011 U.S. Dist. LEXIS 51577, at *6-7 (E.D. Cal. May 13, 2011)), citing *Fannie Mae v. Cabesas*, 2011 U.S. Dist. LEXIS 20648 (E.D. Cal. March 2, 2011). Therefore, because the Court lacks subject matter and diversity jurisdiction, and there is no other independent basis of jurisdiction, Defendant's assertions that Fannie Mae is a federal agency and the United States is a party fail to confer federal jurisdiction.

## IV.  Findings and Recommendations

It appears that removal by Leonor Lopez was an improper attempt to thwart the state court lawsuit. Defendant's assertions lack support and fail to establish a basis for federal jurisdiction. Because the Court lacks jurisdiction over the matter, it will not address the issues of timeliness raised by Defendant.

Based upon the foregoing, the Court hereby **RECOMMENDS** that:

1. The motion to remand be **GRANTED**;
2. The matter be **REMANDED** to the Kern County Superior Court; and
3. Because the order remanding this matter to state court concludes this case, the Clerk of the Court be ordered to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within

1  fourteen days after being served with these findings and recommendations, any party may file
2  written objections with the court.  Such a document should be captioned "Objections to Magistrate
3  Judge's Findings and Recommendations."  The parties are advised that failure to file objections
4  within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*,
5  951 F.2d 1153 (9th Cir. 1991).

7  IT IS SO ORDERED.
8  Dated:   **October 17, 2011**                                    /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE