1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  FANNIE MAE, also known as FEDERAL        ) Case No.: 1:11-cv-00757 LJO JLT
    NATIONAL MORTGAGE ASSOCIATION,           )
12                                           ) ORDER ADOPTING FINDINGS AND
                                             ) RECOMMENDATION TO REMAND THE
13                                           ) MATTER TO THE KERN COUNTY
                         Plaintiff,          ) SUPERIOR COURT AND TO DISMISS THE
14        v.                                 ) MATTER
                                             )
15  LEONOR LOPEZ,                            ) (Doc. 17)
                                             )
16                                           ) ORDER DENYING DEFENDANT'S REQUEST
                         Defendant.          ) FOR JUDICIAL NOTICE AND EVIDENTIARY
17  _____ ) HEARING

18        Leonor Lopez ("Defendant") removed an unlawful detainer action filed in Kern County

19  Superior Court by Plaintiff Fannie Mae, also known as Federal National Mortgage Corporation.

20  (Doc. 1).  Plaintiff Federal National Mortgage Association ("Plaintiff") seeks to remand the action to

21  Kern County Superior Court.  (Doc. 8).

22  **I.   Findings of the Magistrate Judge**

23        On October 17, 2011, the Magistrate Judge recommended Plaintiff's motion to remand the

24  matter to Kern County Superior Court be granted.  (Doc. 17).  The Magistrate Judge found

25  Defendant failed to establish any basis for federal court jurisdiction.

26        As the party seeking removal to the federal Court, Defendant "bears the burden of actually

27  proving the facts to support jurisdiction, including the jurisdictional amount."  Sanchez v.

28  Monumental Life Ins., 102 F.3d 398, 403 (9th Cir. 1996), citing Gaus v. Miles, 980 F.2d 564, 566-67

                                              1

1   (9th Cir. 1992).  The Magistrate Judge found that the underlying complaint in the unlawful detainer

2   action establishes the Court lacks subject matter jurisdiction, because an unlawful detainer action

3   arises under state law.  (Doc. 17 at 3); see Fannie Mae v. Suarez, 2011 U.S. Dist. LEXIS 82300, at

4   *6 (E.D. Cal. July 27, 2011).  Further, to have diversity jurisdiction, the amount in controversy must

5   exceed the sum or value of $75,000.  28 U.S.C. § 1332(a).  However, the Magistrate Judge observed

6   the amount in controversy, which is determined by the complaint filed by Plaintiff, court docket,

7   indicates the amount sought in the action was less than $10,000.  (Doc. 17 at 4).  Therefore, the

8   Magistrate Judge concluded the Court lacks subject matter and diversity jurisdiction.  *Id.*

9        Moreover, the Magistrate Judge noted Defendant's assertions that Fannie Mae is a federal

10  agency and that the United States is a party in the action fail to confer jurisdiction. (Doc. 17 at 4).

11  The Magistrate Judge noted that there is no other independent basis for jurisdiction because the

12  Court lacked subject matter and diversity jurisdiction, and thus Defendant's assertions were

13  unavailing.  (Id.)

14  **II.  Objections by Defendant**

15       The parties were granted fourteen days from October 17, 2011, or until October 31, 2011, to

16  file objections to the Magistrate Judge's Findings and Recommendation.  (Doc. 17 at 4-5).  On

17  October 31, 2011, Defendant filed her objections to the Findings and Recommendation.  (Doc. 18).

18       Defendant asserts the motion to remand was not brought in a timely manner by Plaintiff,

19  because Plaintiff failed to make the motion to remand within thirty days of the filing of the notice of

20  removal.  (Doc. 18 at 2) (citing 28 U.S.C. § 1477(c)).  In addition, Defendant re-asserts her position

21  that the Court has jurisdiction pursuant to 28 U.S.C. § 1441(a), because Plaintiff Fannie Mae is "a

22  federal corporation . . . [w]hich puts them under federal law in federal jurisdiction."  Id. at 2-3.

23  Further, Defendant argues the notice of removal was timely, because she "was never served with

24  [summons]."  Id. at 4.

25       In addition, Defendant raises several arguments regarding the factual allegations set forth in

26  the underlying complaint, which she acknowledges is an action for unlawful detainer.  (Doc. 18 at 5-

27  7).  However, Defendant asserts the action is not solely for unlawful detainer because she "seeks to

28

2

1   quiet title on her property." Id. at 7.  Therefore, Defendant requests "an evidentiary hearing to prove

2   these facts and time to do a full brief on all the[] issues." Id. at 9.

3   **III.   Discussion and Analysis**

4          As discussed above, the Magistrate Judge determined the Court lacked jurisdiction under 28

5   U.S.C. § 1441(a), which provides:

6          Except otherwise expressly provided by Act of Congress, any civil action brought in a
       State court of which the district courts of the United States have original jurisdiction,
7      may be removed by the defendant or defendants, to the district court of the United States
       for the district and division embracing the place where such action is pending.
8

9   Id.  Actions over which the Court has original jurisdiction include "all civil actions arising under the

10  Constitution, laws, or treaties of the United States."  Id. at § 1331.  As noted by the Magistrate

11  Judge, this Court has explained:

12         While courts are split over whether Fannie Mae's charter confers federal jurisdiction,
       courts in the Eastern District have concluded that there must be an independent basis of
13     jurisdiction because the language in the charter includes the phrase "any court of
       competent jurisdiction" and courts have declined to construe that language as creating
14     a grant of jurisdiction.

15  (Doc. 17 at 4) (quoting Fannie Mae v. Ortega, 2011 U.S. Dist. LEXIS 51577, at *6-7 (E.D. Cal. May

16  13, 2011)) ; see also Fannie Mae v. Suarez, 2011 U.S. Dist. LEXIS 82300, at *8 (E.D. Cal. 2011)

17  (same).  Therefore, the Court must have subject matter or diversity jurisdiction.

18         Though Defendant seeks quiet title on the property in issue, and asserts the value thereof is

19  $236,000 (Doc. 18 at 4, 7), the Magistrate Judge noted "issues of title 'may not transmute an

20  unlawful detainer action into a quiet title action.'" (Doc. 17 at 3) (quoting Fannie May v. Lemon,

21  2011 U.S. Dist. LEXIS 82052, at *17 (C.D. Cal. July 26, 2011), accord., Evans v. Superior Court, 67

22  Cal.App.3d 162, 170-71 (1977)).  Moreover, the amount in controversy is determined by the amount

23  plead in the Complaint, which was less than $10,000.  Id. at 3-4.  Therefore, the Magistrate Judge

24  concluded the Court lacked an independent basis for jurisdiction because the underlying complaint

25  raised a single cause of action for unlawful detainer, arising under state law, and the amount in

26  controversy alleged by the complaint was less than $10,000.  Id. at 4.

27         The Magistrate Judge did not address the issues of timeliness raised by Defendant because

28  the Court lacked jurisdiction.  (Doc. 17 at 4).  The Magistrate Judge recommended remand of the

1    action based upon the fact that the Court lacks jurisdiction.  Therefore the fact that the motion to

2    remand was brought beyond thirty days of the filing of the notice of removal was not an issue,

3    because remand was not based upon a procedural defect.  Notably, the Court may remand a removed

4    case *sua sponte* if it determines that it lacks subject matter jurisdiction over the case.  See <u>Kelton</u>

5    <u>Arms Condo. Homeowners Ass'n v. Homestead Ins. Co.</u>, 346 F.3d 1190, 1192-93 (9th Cir. 2003)

6    (noting a distinction between procedural and jurisdictional defects and holding that a "district court

7    *must* remand if it lacks jurisdiction) (emphasis added).

8              **IV.  Conclusion and Order**

9              In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and <u>Britt v. Simi Valley</u>

10   <u>United School Dist.</u>, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of

11   the case.  Having carefully reviewed the entire file, the Court finds that the Findings and

12   Recommendation are supported by the record and by proper analysis, and the matter is

13   **REMANDED**.  Because the Court lacks jurisdiction over the matter, Defendant's request for

14   judicial notice and an evidentiary hearing on the facts of the matter is **DENIED**.

15             Accordingly, **IT IS HEREBY ORDERED** that:

16        1.   The Findings and Recommendations filed October 17, 2011, are

17             **ADOPTED IN FULL**;

18        2.   Defendant's request for judicial notice and an evidentiary hearing is **DENIED**;

19        3.   The matter is **REMANDED** to the Kern County Superior Court; and

20        4.   The Clerk of Court **IS DIRECTED** to close this action because this order terminates

21             the action in its entirety.

22

23   IT IS SO ORDERED.

24   **Dated:    November 1, 2011**              /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE
25

26

27

28

4